IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GURWINDER SINGH,

    Petitioner,

v.

MARY DE ANDA-YBARRA, in her official capacity as Field Office Acting Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAMELA BONDI, in her official capacity as Attorney General of the United States; TODD M. LYONS, in his official capacity as Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; and DORA CASTRO, in her official capacity as Warden of the Otero County Processing Center,

    Respondents.

Case No. 2:26-cv-00018-MIS-GJF

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Gurwinder Singh's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed January 6, 2026. Respondents Mary De Anda-Ybarra, Kristi Noem, and Pamela Bondi ("Federal Respondents")[1], [2] filed a Response on January

---

[1] Respondent Dora Castro, Warden of the Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026). The Federal Respondents concede that Warden Castro's positions align with those of the Federal Respondents. See Resp. at 1 n.1, ECF No. 9.

29, 2026, ECF No. 9, to which Petitioner filed a Memorandum in Opposition on February 2, 2026, ECF No. 10.

Counsel for Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  Resp. at 15-20, ECF No. 9.

Ultimately, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026).  Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention,[3] his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release.  See generally Resp., ECF No. 9.  The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or

---

[3] In support of this finding, the Court observed that the Notice to Appear issued to Petitioner by the Department of Homeland Security on May 6, 2024, identifies Petitioner as "an alien present in the United States who has not been admitted or paroled," and does not identify him as "an arriving alien."  ECF No. 9-2. Additionally, U.S. Customs and Border Protection released Petitioner on bond and paroled Petitioner into the United States in April, 2024.  Mem. in Opp'n at 5, ECF No. 10.

flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Gurwinder Singh's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE